(158 App. Div. 718.)

## DILG v. STRAUSS.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

LIMITATION OF ACTIONS (§ 104½, New, vol. 6 Key-No. Series)—RUNNING OF LIMITATION—TOLLING OF STATUTE.

Where defendant agreed with plaintiff to diligently prosecute plaintiff's application for a patent and to deposit in a bank to plaintiff's credit a sum of money by January 1, 1906, or within 30 days from the time a final court shall have sustained such patent, and defendant failed to diligently prosecute the application, the patent being denied for that reason before 1906, plaintiff's cause of action was for damages for the failure to diligently prosecute the application, so that the money never became due to plaintiff, and not for failure to pay the money, so that limitations are not tolled by an agreement between the parties to extend the time for the deposit of money.

Clarke and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Christian F. Dilg against Gustavus Emil Strauss. From an order overruling a demurrer to the reply, defendant appeals. Order reversed.

See, also, 152 App. Div. 943, 137 N. Y. Supp. 1118.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Herbert R. Limburg, of New York City, for appellant.
Howard A. Sperry, of New York City, for respondent.

SCOTT, J.   The action is for damages for defendant's failure to promptly and diligently prosecute the application of plaintiff for a patent, pursuant to the terms of a written contract annexed to the complaint.   One of the defenses (the fifth) is to the effect that the plaintiff's cause of action, if any, is barred by the statute of limitations.  The reply, which has been demurred to, sets up facts which, as the plaintiff insists, render the defense above stated unavailable.

The question involved is important to the parties because upon its answer may depend the outcome of the litigation.

The complaint, although we refused on a former appeal to strike out parts as irrelevant and redundant and to require other parts to be made more definite and certain, is by no means a model pleading and is not distinguished for its clarity.   It is not impossible, however, with some study to ascertain the cause of action which it sets forth.

The contract, for the breach of which the plaintiff seeks damages, recites that plaintiff is the owner of a certain invention and applications for letters patent, pending in the Patent Office, as to which certain specified interferences had been filed.   The plaintiff thereupon agreed to execute and deposit in escrow, with the Twenty-Third Ward Bank of the city of New York, assignments of said applications and of the patents to be obtained therein, said assignments to be delivered to the defendant when he should deposit the sum of $5,500 in the said bank to the credit of the plaintiff, together with an agreement to pay plaintiff $2,500 out of the profits to be derived from the use of said patents.   The defendant on his part agreed to prosecute said applications promptly and to contest said interference and to pay and bear all the expenses thereof.   He further agreed to deposit the sum of $5,500 in cash in the said Twenty-Third Ward Bank to the credit of the plaintiff "on or before the 1st day of January, 1906, and within 30 days from the time that a final court decision shall have been obtained sustaining said patent or patents," and in addition to deposit in said bank an agreement to pay the plaintiff the further sum of $2,500 out of the moneys received from the use of said patents.   There is a further promise that if, on account of any unforeseen occurrence or causes beyond the control of the parties, the court decision shall not have been obtained on or before the 1st day of January, 1906, the plaintiff would extend the time limit for the deposit of the $5,500, and the agreement as to further earnings for a further period of time to be mutually agreed upon.

The complaint alleges that defendant has never deposited the $5,500 as he agreed to do and has not prosecuted plaintiff's application faithfully and diligently but on the contrary abetted, assisted, and joined with one Kahn in filing and prosecuting application for patents embodying the invention of plaintiff, with the result that plaintiff has been put to many years of delay and great expense in endeavoring to

get his application properly allowed over the false claims presented with the knowledge and collaboration of defendant. The defense replied to sets forth that the rejection of certain of plaintiff's applications by the examiner in charge thereof, and the affirmance of the decision of said examiner by the Board of Examiners of the Patent Office, and the affirmance of the decision of said Board of Examiners by the Commissioner of Patents alleged in the thirteenth paragraph of the complaint all occurred prior to the 7th day of February, 1905; that the decision or judgment of the Court of Appeals of the District of Columbia affirming the decision of the Commissioner of Patents was rendered on or about the 7th day of February, 1905; and that the alleged failure of defendant to prosecute plaintiff's application promptly before the Patent Office and the alleged negligence, carelessness, and delay of defendant in proceeding with reference to said application for patents all occurred prior to the 7th day of February, 1906, whence, as defendant avers, this action, which was commenced on February 16, 1912, was not commenced within six years after the cause of action alleged in the complaint arose. The reply to which defendant demurs alleges that the time limit for the deposit by defendant of the sum of $5,500 in the bank was extended by mutual consent to February 23, 1906, which was within six years before the commencement of the action. The question whether or not this reply sufficiently answers the plea of the statute of limitation depends upon the nature of the cause of action alleged. If it is for damages for breach of defendant's agreement to promptly and diligently prosecute the application for the patents, the breach, if any, had been committed when the applications were finally rejected. But, if the action is for the $5,500 agreed to be deposited in the bank, the alleged agreement to extend the time for making the deposit postponed the establishment of a cause of action until the agreed time had expired.

I think it is clear that the only cause of action alleged in the complaint, and the only cause of action plaintiff could have, under the circumstances detailed in his complaint, was for defendant's negligence and bad faith in prosecuting plaintiff's application so as to put plaintiff in a position to be entitled to receive the $5,500 down payment and the $2,500 to be paid out of earnings. Hence the plaintiff puts his damages at $8,000, the amount he would have been entitled to receive under his contract if his application had been allowed and the patents issued thereon. The provisions of the contract are perfectly clear that the $5,500 was to be deposited to plaintiff's credit and the agreement for a percentage of future earnings to be executed if and when the applications were granted. If defendant failed by wrongful neglect or fraud to obtain the approval of the applications, the time would never arrive for the payment of the $5,500 and the $2,500, but for such wrongful neglect and fraud he would be liable to respond to the plaintiff in damages, and the measure of those damages would be the amount the plaintiff would have been enabled to earn if the defendant had acted diligently and in good faith. If, as the answer alleges, the defendant's failure to act diligently and in good faith all occurred prior to February 7, 1905, the cause of action then accrued

against him, and, if it is not the failure to deposit the $5,500 which constitutes the gravamen of the complaint, it is immaterial whether or not the time for making that deposit had been extended.

For these reasons I am of opinion that the demurrer to the reply was well taken and should have been sustained. Consequently the order appealed from should be reversed, with $10 costs and disbursements to appellant, and the demurrer to the reply to the fifth separate defense sustained, with $10 costs.

INGRAHAM, P. J., and HOTCHKISS, J., concur.

CLARKE, J. (dissenting). In brief the complaint alleges the sale of rights belonging to the plaintiff, under pending applications for a patent, upon an agreement by defendant to promptly prosecute interference proceedings before the Patent Office. The defendant was to pay $5,500 on or before the 1st day of January, 1906, and within 30 days from the time that a final court decision shall have been obtained sustaining said patent or patents, and in addition to deposit an agreement for the payment of 10 per cent. royalty up to the sum of $2,500. There was a provision that if, on account of any unforeseen occurrences or causes beyond the control of the parties, the said court decision should not have been obtained on or before the 1st day of January, 1906, then and in that event the party of the first part would extend the time limit within which the party of the second part must comply with the said requirements for a further period of time to be mutually agreed upon. It was alleged that the time limit was mutually agreed to be extended to and including the 23d day of February, 1906; that the defendant wholly failed and refused to either deposit the sum of $5,500 in cash or said agreement on or before January 1, 1906, or at any time thereafter; that the defendant did not prosecute said applications promptly but proceeded so negligently and carelessly and with so much delay that said prosecution resulted in the rejection of said applications, which rejection was affirmed by the Court of Appeals of the District of Columbia, and then the defendant neglected, omitted, and refused to proceed further to endeavor to procure a final court decision in the above-named litigation and to obtain patents which might have been granted on the application for more than a year before the 21st of February, 1906, when the contract between plaintiff and defendant expired.

It seems to me the action is to recover damages for the nonpayment by the defendant of the amounts agreed to be paid by him within the time extended by agreement, caused by the negligence and fraudulent conduct of the defendant in not prosecuting the proceedings with due diligence and in not taking the further and necessary steps which he ought to have taken to procure the favorable decision upon which the amount agreed upon was to come due. It is a fair reading of all the allegations of the complaint, the contract, and the reply that the time in which the defendant was to do what he had agreed to do was extended to the 23d of February, 1906, and that the cause of action did not accrue until the expiration of the extended time given to per-

form. This action, having been commenced within six years after the expiration of said time and the accruing of said cause of action, is not barred by the statute of limitations. Therefore the order appealed from, overruling the demurrer to these paragraphs of the reply, should be affirmed, with costs and disbursements to the respondent.

DOWLING, J., concurs